United States District Court
Southern District of Texas
**ENTERED**
February 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVONTAY JOHNSON, TDCJ # 02017748, | § § § | |
| Plaintiff, VS. | § § | CIVIL ACTION NO. 3:18-CV-0216 |
| JOHN DOE MEDICAL PROVIDER #1, *et al*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Davontay Johnson, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil rights action alleging that three unnamed medical providers at Hospital Galveston or UTMB violated his constitutional rights when they denied him biweekly treatment for Bechet's disease. By separate order entered this day, the Court has instructed the Attorney General to submit a *Martinez* report.

Plaintiff has filed a motion for a preliminary injunction and seeks to "enjoin[] the defendants to treat his medical condition" by providing him with "biweekly infusions of Remicade" (Dkt. 7, at 4). In the alternative, Plaintiff requests that he be taken into federal custody or released from custody (*id*.). Plaintiff states that defendants, who are medical providers, have refused the treatment he requests because it "is too expensive" (*id*. at 2; *see* Dkt. 1, at 6 (treatment costs more than $300,000 per year)).

1 / 4

Plaintiff does not know the names of the three medical providers he sues. He does not provide specifics about personal involvement by any of the three defendants but instead makes blanket statements that "defendants" refuse to treat him with biweekly Remicade infusions and that "defendants" told him "that he would never receive the treatment he needs in prison because of the high cost" (Dkt. 7, at 1-2). He alleges that, because he is not receiving biweekly treatment with Remicade, he has suffered high fever requiring hospitalization, vomiting, ulcers, and declining vision (*id*. at 2). Other statements in Plaintiff's filings indicate that he is receiving medical treatment. *See*, *e.g.*, *id*. (stating that he had been "rushed to the hospital" to be treated for symptoms of his disease). Plaintiff's administrative grievances reflect prison officials' statements from May 2018 that Plaintiff was "receiving . . . . Remicade as scheduled" by Hospital Galveston every six weeks, and that "[c]ost is not a factor in treatment provided by the TDCJ" (Dkt. 6-1, at 4).

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). To prevail on an Eighth Amendment claim for denial of adequate medical care, a plaintiff must demonstrate that a defendant exhibited "deliberate indifference" to the plaintiff's "serious medical needs, constituting an unnecessary and wanton infliction of pain." *See Easter v. Powell*, 467

F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015). A defendant's personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and a defendant's conduct. *See Delaughter v. Woodard*, 909 F.3d 130, 136-37 (5th Cir. 2018).

On this record, Plaintiff has not shown a "substantial likelihood of success on the merits" as required under Fifth Circuit authority. *See Jones*, 880 F.3d at 759. Among other reasons, Plaintiff's filings indicate that he is receiving regular medical care and, in fact, Plaintiff does not allege that he has been refused all medical treatment for his Bechet's disease. Rather, he seeks injunctive relief to obtain a specific course of treatment: biweekly injections with Remicade. A prisoner's disagreement with the particular type of treatment prescribed does not state a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (a determination about whether a certain form of treatment is indicated "is a classic example of a matter for medical judgment"); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The courts have clearly stated that prison

officials are not required to provide treatment that is "'the best that money could buy.'" *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2018) (quoting *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992)).

Because Plaintiff has not shown a substantial likelihood of success on the merits of his Eighth Amendment claim, his motion for a preliminary injunction (Dkt 7) is **DENIED**. The Court will continue its screening of Plaintiff's claims after the Attorney General submits a *Martinez* report.

SIGNED at Galveston, Texas, this 4th day of February, 2019.

George C. Hanks Jr.
United States District Judge